**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT JAMES MENEFEE,<br><br>        Petitioner - Appellant,<br><br>    v.<br><br>L. S. MCEWEN, Warden,<br><br>        Respondent - Appellee. | No. 13-17046<br><br>D.C. No. 2:12-cv-00512-JKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Submitted December 9, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

Robert James Menefee appeals the denial of his petition for habeas corpus

under 28 U.S.C. § 2254. Reviewing the district court's determination de novo, *see*

*Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The state court determined that Menefee was not prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984), by his attorney's failure to inform him that he was subject to a five-year sentencing enhancement for a prior conviction. Menefee argues that, had he been made aware of this enhancement, he would have accepted a plea offer for a lower sentence than he ultimately received. Based on the record, the state court found that Menefee was made aware during a courtroom exchange between the prosecutor and trial judge, in Menefee's presence, that he faced 13 years in prison for his charges – a sentence that necessarily included a five-year enhancement. This was not an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Because Menefee had rejected the plea deal he was offered with knowledge of his exposure to the five-year sentencing enhancement, the state court concluded he was not prejudiced by his attorney's lack of advice. This determination was not "contrary to, or . . . an unreasonable application of" *Strickland*. § 2254(d)(1).

**AFFIRMED.**